UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

R.J.S.R,

　　　　　　　　　　*Petitioner,*

　　　– against –

MARKWAYNE MULLIN, *in his official capacity as Secretary, U.S. Department of Homeland Security*; JUDITH ALMODOVAR, *in her official capacity as Acting Field Office Director, New York City Field Office, U.S. Immigration and Customs Enforcement*; TODD BLANCHE, *in his official capacity as Acting Attorney General, U.S Department of Justice*; RAUL MALDONADO, JR., *in his official capacity as the Metropolitan Detention Center Warden,*

　　　　　　　　　　*Respondents*

**MEMORANDUM & ORDER**
26-cv-03611 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On April 27, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner R.J.S.R. Pet. for Writ of Habeas Corpus ("Petition") ¶¶ 1, 30–35, ECF No. 1.[1] Petitioner is currently being detained by respondents at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pet. ¶¶ 5, 38–39. Petitioner now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. 1. For the reasons discussed below, the petition is **GRANTED**.

---

[1]　　　Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

**BACKGROUND**

Petitioner is allegedly a citizen of Honduras. Gov't Resp. to Order to Show Cause ("Gov't Resp.") 1, ECF No. 8. Over the last year, Petitioner has resided in the United States working in construction in Long Island and New York City. Pet. ¶ 27. Petitioner was detained by ICE on April 27, 2026, *see* Pet. ¶¶ 30–35, and is currently being held by respondents at the MDC, *id.* ¶ 39. He commenced the instant action on June 16, 2026, by filing a petition for a writ of habeas corpus. *See* Pet. The same day, the Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026), or any other decision of this Court. Scheduling Order 2–3, ECF No. 4.

The government filed a response stating that petitioner is subject to detention under 8 U.S.C. § 1226(a) and stating that while "*Terrero* and *Meza* did concern individuals who were detained pursuant to § 1226(a)[,] [t]he case of Petitioner here is materially different because he was arrested pursuant to 8 U.S.C. [§] 1357(a)(2), which permits warrantless arrests in situations where there is reason to believe the alien is likely to escape before a warrant can be obtained." Gov't Ltr. Dated June 18, 2026 ("Gov't Ltr.") at 1, ECF No. 7. On June 23, 2026, the government filed a letter stating that "upon a closer review

of the Court's *Meza* decision, [r]espondents respectfully concede that the Court's reasoning in that case would dictate the same outcome in this case." Gov't Resp. 8.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[2]

## LEGAL STANDARD

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290, (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

## DISCUSSION

Petitioner contends, among other arguments, that he is being detained in violation of the Immigration and Nationality Act ("INA"). Pet. ¶¶ 118–24.[3] Respondents concede that here, "the Court's reasoning in *[Meza]* would dictate the same outcome in this case" despite the fact that petitioner here "was arrested pursuant to 8 U.S.C. [§] 1357(a)(2),

---

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[3]    The Court does not reach any other claim raised by petitioner. *See, e.g.*, Pet. ¶¶ 125–132.

which permits warrantless arrests in situations where there is reason to believe the alien is likely to escape before a warrant can be obtained." Gov't Resp. 2.

Accordingly, for the reasons stated by this Court in *Meza*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226(a).[4]

Moreover, the Court notes that even if petitioner's arrest was valid as the government claims, that does not answer the question of ICE's initial legal basis for his detention. *Curimilma Quille v. Blanche*, No. 26-cv-02818, 2026 WL 1453889, at *4–5 (E.D.N.Y. May 22, 2026) (observing that "Section 1357(a)(2)[] provides ICE with limited authority to conduct warrantless arrests," but that Section 1226(a) nonetheless affords an arrestee "an initial custody determination *before . . .* discretionary detention"). Here, although the government maintains that petitioner "is detained pursuant to 8 U.S.C. § 1226(a)," Gov't Ltr. 1, the documentary evidence paints a different picture. Petitioner was detained on April 27, 2026. Gov't Resp 1; Pet. ¶ 1. The next day, the Second Circuit published its decision in *Barbosa Da Cunha*, rejecting the government's theory that individuals like petitioner, who were living in the United States at the time of their arrest, were "seeking admission" to the country and thus subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Barbosa Da Cunha*, 175 F.4th at 69 ("Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States

---

4       For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Meza. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter."). Despite being allegedly detained pursuant to Section 1226(a), petitioner did not receive an individualized custody determination until June 6, 2026—5 weeks and 5 days after his arrest and detention. Gov't Resp. 2.

Section 1226(a) requires an initial custody determination, not an eventual one. *Inestroza Carbajal v. Frazier*, No. 26-cv-02778, 2026 WL 1309265, at *2 (E.D.N.Y. May 12, 2026) ("Respondents cannot 'cure' their procedural failures . . . by now providing a custody determination[] three weeks after arrest."). The fact that petitioner did not receive a custody determination for several weeks after he had been detained undermines the government's assertion that he was detained pursuant to Section 1226 all along. If, in fact, petitioner was initially detained pursuant to Section 1225(b)(2)(A)—as was ICE's common practice prior to the Second Circuit's decision in *Barbosa Da Cunha*—petitioner should have been released on April 28, 2026, when the basis for his detention became illegal. After all, "an executive agency, like ICE, is bound by the bases it used to justify its decision—here the arrest and detention—in the first instance, not reasons it comes up with afterwards." *Inestroza Carbajal*, 2026 WL 1309265, at *1. Put differently, what began as an illegal detention did not become legal because ICE found a different source of legal authority.

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA. The petition for a writ of habeas corpus is therefore **GRANTED**.

5

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 12:00 p.m. on June 25, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Petitioner's June 24, 2026 deadline to file a reply, and the hearing scheduled for June 25, 2026 are hereby adjourned *sine die*.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of

6

this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

/s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:        June 23, 2026
              Brooklyn, New York

7